UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTOPHER TRIMMER, JAMES P. FELL,
ZACHARY MORROW and ROBERT HOWARTH,
on behalf of themselves and all others
similarly situated,                                          23 Civ. 978

**CLASS ACTION COMPLAINT**

                                        Plaintiffs,

                    -against-

BARCLAY WATER MANAGEMENT INC.,

                                        Defendant.
------------------------------------------------------------------------X

 Plaintiffs, CHRISTOPHER TRIMMER, JAMES P. FELL, ZACHARY MORROW and

ROBERT HOWARTH ("Plaintiffs"), by their attorneys, Menken Simpson & Rozger LLP, on

behalf of themselves and all others similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

 1. Plaintiffs are workers currently or formerly employed by Barclay Water

Management Inc. ("Barclay") who performed steamfitter maintenance and service work on

private and public job sites throughout the City and State of New York.

 2. Plaintiffs frequently worked more than 40 hours per week and were not paid time-

and-one-half their regular rate of pay for the hours they worked over 40 in a week.

 3. Plaintiffs serviced and maintained water towers, coolant towers and ice machines

in and on publicly-financed construction projects such as New York City Police Department,

NYC Department of Citywide Administrative Services (DCAS) and the State University of New

York.

 4. Plaintiffs were not paid the total amount of prevailing wages and supplemental

benefits for the occupation "Steam Fitter" for work performed for the City of New York and its departments and subdivisions according to the New York City Prevailing Wage Schedules, as required by statutorily required contractual terms set forth in New York Labor Law ("NYLL") § 220.  Plaintiffs were similarly not paid the Steamfitter or other applicable rate, as set by the New York State Department of Labor, for work performed on public projects subject to such rates.

5.      Plaintiffs bring this action on behalf of themselves and all similarly situated former and current employees of Defendant Barclay who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawful wages, including overtime for all hours worked in excess of forty in a week.

6.      Plaintiffs also bring this action on behalf of themselves and a class of similarly situated former and current employees of Defendant Barclay, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including unpaid overtime wages for their hours worked in excess of forty per week, pursuant to the NYLL §§ 190 *et seq.*, New York Labor Law Article 12 and its supporting regulations 12 N.Y.C.R.R. 142-2.2.

7.      Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendant Barclay, under Fed. R. Civ. P. 23, as third party beneficiaries of Defendant's prevailing wage contracts.  Defendant failed to comply with the statutorily-required provision of all publicly-financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York City Comptroller or the New York State Department of Labor, as appicable.

2

8.     Finally, Plaintiffs bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendant Barclay, under Fed. R.Civ. P. 23, to obtain damages under NYLL §§ 190 *et seq.* suffered as a result of Defendant's failure to provide hiring and statement notice to its employees and failure to timely pay wages.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337 and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b)(1), as Defendant conducts business in this district to a sufficient degree to be considered a resident of this district, pursuant to 28 U.S.C. § 1391(d).

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## PARTIES

12.     Plaintiffs Christopher Trimmer and Zachary Morrow are residents of New Jersey. Trimmer has worked for Barclay since 2017 in its Environmental Group providing maintenance work on coolant towers and ice machines in and on private and public buildings in the New York metropolitan and Mid-Atlantic areas.  Morrow worked for Barclay from approximately May 2017 to April 2022 and did the same work that Trimmer did, as described above. Trimmer and Morrow, when he was employed by Barclay, were paid the same hourly wage rate whether they worked in private and public buildings.

13.     Plaintiff James P. Fell is a resident of Pennsylvania who worked for Barclay from

approximately May 2016 to April 2022 in its Environmental Group providing maintenance work on coolant towers and ice machines in and on private and public building in the New York metropolitan and Mid-Atlanic areas. Like Trimmer and Morrow, Barclay paid Fell the same hourly wage rate whether he worked in private or public buildings.

14.     Plaintiff Robert Howarth is a resident of Arizona who worked for Barclay from October 2017 to December 31, 2018 in its Environmental Group providing maintenance work on coolant towers and ice machines in and on private and public buildings in the New York metropolitan and Mid-Atlantic areas. Like Trimmer, Morrow and Fell, Barclay paid Plaintiff Howarth the same hourly wage rate whether he worked in private or public buildings.

15.     At all times relevant to this Complaint, Plaintiffs and other members of the putative class were employees of Barclay, within the meaning of the FLSA, 29 USC § 203(e) and the NYLL § 190(2), and were laborers, workers, or mechanics within the meaning of NYLL § 220.

16.     Defendant Barclay is a Massachusetts corporation with its principal place of business in Newton, Massachusetts.

17.     Barclay Water Management Inc. is a private company that has been in operation in Massachusetts since  1932.  Among its various businesses, Barclay employs scores of workers to work in its Environmental Group to maintain, clean and disinfect cooling towers, potable water systems, water storage tanks, ice machines, decorative display fountains and air handling coils in and on public and private buildings.   Barclay claims it provides a complete range of water treatment solutions for industrial, commercial and government clients from the Midwest to the East Coast of the United States.

18.     Barclay has provided services as both subcontractor and prime contractor on

4

numerous public works projects and private projects throughout the City and State of New York during the relevant period and as a result is financially responsible for any wage violation committed from six years prior to the filing of this action.

## CLASS ALLEGATIONS

### FLSA Collective Action

19.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Barclay performing steamfitter maintenance and service work and who did not receive overtime pay at the rate of time and one-half their lawful regular rate of pay, for all hours worked in excess of forty in a workweek on public projects ("FLSA Collective Action").  The aforesaid regular rate of pay is the required prevailing wage rate.

20.     Defendant Barclay is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Class. Upon information and belief, there are at least 40 similarly situated current and former employees of Barclay who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

### Rule 23 Class Action

21.     Plaintiffs bring their New York Labor Law claims and breach of contract claim on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of Barclay who performed steamfitter maintenance and service work and who failed to receive overtime compensation at their regular rate of pay for all hours worked in excess of 40 in a work week on public projects and who failed to receive the proper prevailing wage and supplemental benefits rate, as set by the New York City Prevailing

Wage Schedule and/or New York State Prevailing Wage Schedule, for any and all hours worked on publicly financed construction projects at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case ("Rule 23 Class").

22.     Plaintiffs also bring New York Labor Law 195(1) claims for Barclay's failure to provide accurate hiring notices, New York Labor Law 195(3) claims for Barclay's failure to provide accurate statements of wages, and New York Labor Law 191(a) claims for Barclay's failure to pay them in a timely fashion as laborers.  These claims are brought by Plaintiffs on their own behalf and also on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of Barclay who performed steamfitter maintenance and service work at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case ("Rule 23 Class").

23.     The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such numbers would require facts in the sole control of Defendant, upon information and belief, there are more than 40 members of the class during the class period.

24.      The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

25.      Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de*

*minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

27.     Defendant has acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

28.     There are questions of law and fact common to the class, which predominate over any questions solely affecting individual members of the class, including:

 a.     whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

 b.     whether Defendant failed to pay Plaintiffs and the Rule 23 Class overtime wages at a wage rate of one and one-half times their lawful regular rate of pay (i.e., the proper prevailing wage rate) within the meaning of the New York Labor Law Article 12 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142-2.2;

 c.     whether Defendant entered into certain contracts or subcontracts with or through various municipal and state government agencies, including but not limited to DCAS, NYPD and SUNY provide steamfitter maintenance and service work upon public works projects;

 d.     whether Defendant failed to pay Plaintiffs and the Rule 23 Class the lawful proper prevailing wage and supplemental benefit rate when they performed steamfitter maintenance and service work upon public works projects;

7

e.     whether Defendant failed to ensure that Plaintiffs and the Rule 23 Class
were paid the prevailing wage and required supplemental benefits for all
work performed on publicly financed construction projects, per contract
terms statutorily required to be included in all public works contracts;

f.     whether Defendant failed to provide Plaintiffs and the Rule 23 Class a
notice accurately describing their wages at the time they were hired;

g.     whether Defendant failed to provide Plaintiffs and the Rule 23 Class
accurate wage statements with every payment of wages; and,

h.     whether Defendant failed to pay Plaintiffs and the Rule 23 Class timely
and every week as required by law because they are laborers.

## COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS

29.     Plaintiffs and members of the Rule 23 Class and FLSA Collective Action ("Class
Members") were employed by Defendant Barclay.

30.     Plaintiffs and Class Members performed steamfitter and maintenance service
work in that they, among other tasks: cleaned, sanitized, vacuumed, maintained water coolant
towers and ice machines on private and public buildings in New York State and New York City.

31.     Plaintiffs and Class Members did this steamfitter maintenance and service work
on publicly-financed construction projects such as NYC Department of Citywide Administrative
Services (DCAS) buildings, New York City Police Department Buildings and State University of
New York buildings.

32.     Class Members did the same steamfitter maintenance and service work on other
public works projects located in and around the City and State of New York.

33.     Plaintiffs and Class Members frequently worked more than forty hours in a

workweek.

34.     As part of its regular business practice, Barclay intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern or practice includes, but is not limited to:

a.     willfully failing to pay Plaintiffs and the Class Members time and one half their lawful regular rate of pay, that of a Steam Fitter – Refrigeration and Air Conditioner Service Person II, III, IV and V, for those hours worked in excess of forty per work week when they worked on a public job site;

b.     willfully failing to pay Plaintiffs and the Class Members their lawful, contractually agreed upon, regular rate of pay, that of a Steam Fitter - Refrigeration and Air Conditioner Service Person II, III, IV and V, for those hours they worked on a public job site;

c.     willfully failing to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

d.     willfully failing to pay their employees on a weekly basis, and providing required wage notices.

35.     Article 8 of the New York Labor Law requires that all contracts and subcontracts entered into for the performance of public works in New York State and City include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplemental benefits at rates to be determined by the New York State Department of Labor and/or the New York City Comptroller.

36.     Article 8 of the New York Labor Law requires both contractors and all subcontractors performing work on a public works projects to post the prevailing wage schedule

and supplement rates at the job site.

37.     Article 8 of the New York Labor Law requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

38.     Article 8 of the New York Labor Law requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.

39.     Article 8 of the New York Labor Law requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers like Plaintiffs on publicly financed construction projects.

40.     Plaintiffs and Class Members did steam fitter maintenance and service work but Defendant did not pay them the proper prevailing wage or supplemental benefits rate as required by said contract terms.

41.     The statutorily required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing steam fitter maintenance and service work on the sites of public works projects and, as such, Plaintiffs and Class Members furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

42.     Upon information and belief, at various times between February 2017 and the present, Defendant Barclay, entered into contracts with government agencies and/or public benefit corporations, to provide steam fitter maintenance and service work and employed Plaintiffs and Class Members to perform the required work, including but not limited to work on

10

the public projects described above.

43.    To the extent that Barclay did not expressly enter into contracts with government agencies and/or public benefit corporations it entered into a subcontract with that public project's general contractor which required, expressly or by operation of law, that it pay Plaintiffs and the Class Members the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract or subcontract terms.

44.    Defendant Barclay willfully failed to pay Plaintiffs and Class Members engaged in such steam fitter maintenance and service work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

45.    In performance of Defendant's contracts and subcontracts on public works projects, Plaintiff and Class Members performed steam fitter maintenance and service work as described above.

46.    Defendant Barclay frequently failed to pay Plaintiffs and Class Members the correct prevailing wage rate, despite the fact that they were doing steam fitter maintenance and service work.

47.    Upon information and belief, Plaintiffs and Class Members were always paid at the "new employee" or Service Person I rate despite having multiple years of experience doing the same work they did pursuant to the contract/subcontract and in compliance with their Barclay supervisor's instructions.

48.    Upon information and belief, Plaintiffs and Class Members were not paid their health and/or supplemental benefits at the steam fitter service prevailing wage rate, but instead Barclay made contributions to an Employee Stock Ownership Plan (ESOP) that was not liquid,

inaccessible and not considered a bona fide benefit plan.

49.    The prevailing wage rate for the occupation "Steamfitter – Refrigerator and Air Conditioner" in New York City, as set by the New York City Comptroller's Office, effective July 1, 2022, ranges from $21.23 per hour to $43.85 per hour.

50.    The supplemental benefits rate for the occupation "Steamfitter – Refrigerator and Air Conditioner" in New York City, as set by the New York City Comptroller's Office, effective July 1, 2022, ranges from approximately $11.00 per hour to $20 per hour. The supplemental benefit rate is to be paid for each hour worked.

51.    At no time prior were Plaintiffs and Class Members paid the relevant prevailing wage plus the supplemental benefit rate for any hour worked doing steam fitter maintenance and service work at any of above identified public works projects.

52.    Barclay paid Plaintiffs and the Class Members the same hourly wage rate regardless of whether they worked on a private job site or a public job site. Defendant's unlawful conduct as herein described has been widespread, repeated and consistent.

53.    At the time Barclay hired Plaintiffs and the Class Members, Barclay failed to provide NYLL 195(1) Hire Notice identifying for each employee his/her accurate rate or rates of pay and basis thereof, whether paid by hour or otherwise, the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

54.    At the time Barclay paid Plaintiffs and the Class Members, Barclay failed to provide a compliant NYLL 195(3) Wage Statement Notice identifying for each employee his/her accurate rate or rates of pay and basis thereof, whether paid by hour or otherwise, the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

55.     Plaintiffs and the Class Members are laborers and according to NYLL 191(1)(a), Barclay is required to pay them on a timely basis and weekly.

56.     Barclay paid Plaintiffs and the Class Members every two weeks by direct deposit.

### INDIVIDUAL FACTUAL ALLEGATIONS

57.     Plaintiffs are trained and experienced in steam fitter maintenance and service.

58.     Plaintiffs were employed by Barclay and worked in its Environmental Group maintaining, servicing, cleaning and sanitizing water coolant towers and ice machines in and on private and public buildings in New York State and New York City.

59.     Howarth worked for Barclay from October 2017 to December 31, 2018 and Morrow and Fell worked for Barclay from May 2017 to April 2022.

60.     Trimmer started at Barclay in mid-2017 and continues to be employed by the company.

61.     All Plaintiffs worked on private and public job projects and were paid the same hourly rate regardless if they worked on a private or public job.

62.     The public job projects they worked on include, but are not limited to, NYC Department of Citywide Administrative Service buildings, NYC Police Department buildings and State University of New York buildings.

63.     All Plaintiffs were assigned their job assignments, reported to work, transported to work and performed their work in the same way.

64.     Plaintiffs did their steam fitter maintenance and service work along with other teams of Barclay employees at private and publicly financed buildings and job sites located in the State and City of New York.

65.     Upon information and belief, the State and City of New York, by and through its

various agencies and departments, contracted with Defendant Barclay to, among other things, service, maintain, clean and sanitize water coolant towers and ice machines in and around various buildings and public job sites as described above.

66.     Plaintiffs and the Class Members performed this steam fitter maintenance and service work in compliance with the relevant public works contracts.

67.     By law and pursuant to contract, Defendant Barclay was required to pay Plaintiffs the lawful prevailing wage and supplemental benefits rate for the steam fitter maintenance and service work they performed, but failed to do so.

68.     Rather than pay Plaintiffs approximately $32.00-$63.00 per hour (in 2022, for example), Defendant Barclay paid Plaintiffs substantially less in wages and supplemental benefits.

69.     Plaintiffs often worked more than 40 hours in a week and on Saturdays (i.e., six days per week), but Defendant Barclay failed to pay them time and one-half their regular rate of pay, that being the prevailing wage rate, plus their correct amount of supplemental benefits pay. Overtime hours were more frequent in the Spring and Fall, Barclay's busy seasons.

70.      As examples of Defendant's illegal pay practices, Plaintiff Howarth alleges he worked approximately 50 hours per week when he started in 2017 and once worked approximately 17 hours in a day; Plaintiff Morrow alleges he worked a substantial amount of weeks where he worked more than 40 hours in a week; Plaintiff Fell alleges he frequently worked more than 40 hours in a week, sometimes 80 in a week and on Saturdays; and Plaintiff Trimmer alleges he worked over 40 hours per week approximately 10 weeks per year, particularly during the busy Spring and Fall seasons.

71.     Plaintiffs worked some of those overtime hours on public job sites and were not

14

paid time and one-half their regular rate (i.e., the prevailing wage rate) of pay.

72.     Upon information and belief, Barclay adjusted and moved the overtime hours Plaintiffs worked to weeks where they did not work 40 hours per week to avoid the lawful requirement to pay time and one-half overtime pay to them.

73.     Barclay recently made unannounced and unexplained payments to some of its Environmental Group employees, including Plaintiff Trimmer, for what might have been, upon information and belief, a make-up payment for unpaid prevailing wages.

## FIRST CAUSE OF ACTION

### (FLSA: UNPAID OVERTIME WAGES)

74.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 herein.

75.     Defendant Barclay engaged in a widespread pattern or practice of violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

76.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

77.     At all times relevant to this action, Plaintiffs and the putative collective were employed by Defendant Barclay within the meaning of the FLSA, 29 U.S.C. § 203.

78.     At all times relevant to this action, Plaintiffs and the putative collective were engaged in commerce and Defendant Barclay was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79.     Defendant Barclay willfully failed to pay Plaintiffs and the putative collective overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the proper steamfitter's prevailing wage rate) for each hour worked in excess of forty

in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

80.     Defendant Barclay failed to keep appropriate and accurate payroll and time records as required by federal law.

81.     Due to the FLSA violations committed by Defendant Barclay, Plaintiffs and the collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (NYLL: UNPAID OVERTIME WAGES)

82.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 81 herein.

83.     At all times relevant to this action, Plaintiffs and the putative Class Members were employed by Defendant Barclay within the meaning of New York Labor Law Article 6 § 190.

84.     Defendant Barclay willfully violated the rights of Plaintiffs and the putative Class Members by failing to pay them overtime compensation at rates not less than one and one-half times their lawful regular rate (i.e., the proper steamfitter's prevailing wage rate) of pay for each hour worked in excess of forty in a workweek, in violation of New York Minimum Wage Act (New York Labor Law Article 12) and its regulations, N.Y.C.R.R. Sec. 142-2.2.

85.     Defendant Barclay willfully violated the rights of Plaintiffs and the putative Class Members by failing to pay them wages due and owing for work performed in violation of the New York State Labor law.

86.     Due to the New York Labor Law violations committed by Defendant Barclay, Plaintiffs and the putative Class Members are entitled to recover their unpaid overtime premium

wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

### THIRD CAUSE OF ACTION

### (BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)

87.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 86 herein.

88.     Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

89.     The prevailing wage and supplement rates for Steamfitters doing maintenance and service work in New York State and City for 2022, set by the New York State Department of Labor and New York City Comptroller, was in between $21.23 and $43.85 per hour in wages, plus approximately $11 and $20 per hour in supplemental benefits.[a]

90.     The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State and City of New York exists for the benefit of Plaintiffs and putative Class Members.

91.     Defendant Barclay breached their public works contracts and/or subcontracts by

---

[a] The prevailing wage rates referenced herein are only examples of the amount Defendant should have paid Plaintiffs and the Class Members for 2022. Calculation of the amounts owed Plaintiffs and the Class Members going back six years from the date of the filing of this Complaint can be ascertained by identifying the prevailing wage and supplemental benefit rates for the prior years.

failing to pay Plaintiffs and the putative Class Members the proper prevailing wage and supplemental benefits rate for all hours worked doing steam fitter maintenance and service work in performance of said contracts.

### FOURTH CAUSE OF ACTION

### (NYLL 195(1))

92.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 91 herein.

93.     Defendant Barclay willfully failed to provide Plaintiff and the  putative class members with wage notices upon their hire, as required by NYLL, Article 6, § 195(1), in English or in their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary, including the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

94.     Through their knowing or intentional failure to provide Plaintiffs and the putative class members with the wage notices required by NYLL, Defendant Barclay has willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

95.     Due to Defendant Barclay's willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the putative class members are entitled to statutory penalties of fifty dollars for each work day that Defendant Barclay failed to provide Plaintiffs and the putative class members with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION

### (NYLL 195(3))

96.     Plaintiffs repeat and reallege all allegations contained in paragraphs 1 through 95 herein.

97.     Defendant Barclay has willfully failed to provide Plaintiffs and the putative class members with accurate statements of wages as required by NYLL, Article 6, § 195(3), in English or in their primary language, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages, as well as the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

98.     Through their knowing or intentional failure to provide Plaintiffs and the putative class members with the wage statements required by the NYLL, Defendant Barclay has willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

99.     Due to Defendant Barclay's willful violations of NYLL, Article 6, § 195(3),

Plaintiffs and the putative class members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendant Barclay failed to provide Plaintiffs and the putative class members with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION

## (NYLL 191(1)(a)

100. Plaintiffs repeat and reallege all allegations contained in paragraphs 1 through 99 herein.

101. The timely payment of wages provisions, NYLL Sec. 191, and its supporting regulations apply to Defendant Barclay and protect Plaintiffs and the Class Members.

102. Defendant Barclay failed to pay Plaintiffs and the Class Members on a timely basis as required by NYLL Sec. 191(1)(a).

103. As a result of Defendant Barclay's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Barclay the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and prejudgment and post-judgment interest pursuant to NYLL 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, prays for the following relief:

      a. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately

preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendant Barclay as steam fitter maintenance and service workers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their lawful overtime compensation;

b.  Certificate of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.  Designation of Christopher Trimmer, Zachary Morrow, James P. Fell and Robert Howarth as representatives of the Class, and counsel of record as Class Counsel;

d.  Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*, and New York Labor Law Article 6 § 198 1-a;

e.  An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

f.  An additional and equal amount of unpaid wages as liquidated damages pursuant to New York Labor Law Article 6 § 198;

g.  The difference between the wages paid to Plaintiffs and putative class members for non-overtime work on public works projects based on the proper, lawful prevailing wage plus supplemental benefit rate at the time, as determined by the New York State Department of Labor and New York City Comptroller, and interest on said sum; and,

h.  Issuance of a declaratory judgment that the practices of Defendant Barclay

complained of herein are unlawful under the FLSA and New York State

Labor Law.

Dated: New York, New York
      February 6, 2023

                                MENKEN SIMPSON & ROZGER LLP

                        By:    _s/_____
                                  Bruce E. Menken
                                  80 Pine Street, 33nd Floor
                                  New York, NY 10005
                                  Office: 212-509-1616
                                  Cellular: 973-432-1122
                                  bmenken@nyemployeelaw.com